IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>vs.<br><br>JEFFRY A. HOGAN,<br><br>                     Defendant. | 4:21-CR-3027<br><br>PRELIMINARY ORDER OF FORFEITURE |

    This matter is before the Court on the plaintiff's Motion for Preliminary Order of Forfeiture (filing 81). The indictment in this case (filing 30) charged the defendant with, among other things, conspiracy to possess and distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. The indictment also contained a forfeiture allegation seeking the forfeiture, pursuant to 21 U.S.C. § 853, of $5,000 in United States currency seized from the defendant on or about February 12, 2021, on the basis that it was used to facilitate the commission of the offense and was derived from proceeds obtained, directly or indirectly, as a result of committing the offense. Filing 30 at 2-3. And the indictment contained a forfeiture allegation seeking the forfeiture of $34,153 in United States currency seized from Jose O. Maes on or about the same date. Filing 30 at 2-3.

    The defendant has pled guilty to the crime alleged and admitted the $5,000 forfeiture allegation. Filing 77 at 1; filing 82 at 4, 12. By virtue of pleading guilty to the charge and admitting the forfeiture allegation, the defendant has forfeited his interest in the property, and the plaintiff should be entitled to possession of the property pursuant to 21 U.S.C. § 853. Therefore, the plaintiff's motion for preliminary order of forfeiture is granted. The plaintiff has moved to dismiss the $34,153 forfeiture allegation. That motion will also be granted.

IT IS ORDERED:

1. The plaintiff's Motion for Preliminary Order of Forfeiture (filing 81) is granted.

2. Based upon the defendant's guilty plea and admission of the forfeiture allegation of the indictment, the plaintiff is authorized to seize the $5,000 in United States currency.

3. The defendant's interest in that property is forfeited to the plaintiff for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4. The property is to be held by the plaintiff in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the plaintiff shall publish for at least thirty consecutive days on an official Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. Such published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the property and any additional facts supporting the petitioner's claim and relief sought.

7. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

9. The forfeiture allegation is dismissed as to the $34,153.00 in United States currency seized from Jose O. Maes on or about February 12, 2021.

Dated this 12th day of September, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge